UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOEL A. LAKE § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> ENCOMPASS PROPERTY AND § <br> CASUALTY COMPANY, § <br> Defendant. § | Civil Action No.  2:17-cv-555-JRG |

### DEFENDANT ENCOMPASS PROPERTY AND CASUALTY COMPANY'S
### MOTION TO TRANSFER VENUE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Defendant Encompass Property and Casualty Company ("Defendant" or "Encompass") and moves this Court to Transfer Venue from the Marshall Division of the Eastern District of Texas to the Tyler Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a) and would show unto the Court the following:

I.

INTRODUCTION

1. This case concerns an automobile accident which occurred on June 23, 2015 in Tyler, Smith County, Texas.  See Plaintiff's Original Complaint, paragraph 3.03.  Smith County lies within the Tyler Division of the Eastern District.

2. Plaintiff resides in Smith County, Texas.  *See* Plaintiff's Original Complaint paragraph 2.01.  Defendant resides outside of the Eastern District of Texas.

3. The appropriate venue for this matter is the Tyler Division of the Eastern District, which encompasses both the county where the accident occurred and the county where Plaintiff resides currently, as well as on the date of the accident.

II.

ARGUMENT AND AUTHORITIES

3.      Prior to 1989, interdivisional transfers were governed by 28 U.S.C. § 1393 (repealed November 1988) which provided in part:

> (a) Except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division must be brought in the division where he resides.

The only mechanism for Interdivisional transfers is now found in 28 U.S.C. § 1404(a):

> **§ 1404. Change of Venue.**
>
> **(a)** For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The United States Supreme Court has formulated a number of factors to be considered when evaluating a motion to transfer based upon 28 U.S.C. § 1404(a). *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 67 S. Ct. 839, 843 (1947). The factors to be considered are plaintiff's choice of forum, inconvenience to defendant's witnesses, availability of compulsory process, ease of access to sources of proof, possibility of a jury view and the catchall factor of all practical problems which make the trial of a case easy, expeditious and inexpensive. *Id.*

A plaintiff's choice of forum is traditionally given great weight and should not be disturbed unless it is clearly outweighed by other considerations. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 843 (1947); *Robinson v. Giamarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). However, when the plaintiff is not a resident of the forum in which suit was filed and has no particular connection to that forum, the plaintiff's choice of forum is not given great weight. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56, 102 S. Ct. 252, 266 (1981). As noted above and as shown in Plaintiff's Original Complaint, the Plaintiff in the instant case is a

resident of Smith County, which lies within the Tyler Division of the Eastern District. Further, Plaintiff alleges that the accident made the basis of this suit occurred in Tyler, Smith County, Texas, and accordingly, outside of the Marshall Division of Eastern District of Texas. *Id.* As such, the Plaintiffs' choice of forum in this case should not be given great weight.

Additionally, The Texas Insurance Code, Section 1952.110, contains a mandatory venue provision which states:

> "Notwithstanding Section 15.032, Civil Practice and Remedies Code, an action against an insurer may be brought only: (a) In the county in which the policyholder or beneficiary instituting the suit resided at the time of the accident; or (b) In the county in which the accident involving the uninsured or underinsured motor vehicle occurred."

Here, Plaintiff is suing his insurer, Encompass, for underinsured motorist benefits under his Encompass policy. As noted above, the accident at issue in this lawsuit occurred at the intersection of Broadway and Chimney Rock, in Tyler, Smith County, Texas. Further, Plaintiff currently resides in Smith County, Texas. See Plaintiff's Original Complaint, paragraphs 2.01 and 3.03.

As also previously noted, Smith County is located within the Tyler Division of the Eastern District. As such, Plaintiff cannot maintain an action against Allstate in the Marshall Division because the accident did not occur in a county within that Division, and Plaintiff was not a resident of a county within the Marshall Division at the time the accident occurred.

Further, it may be necessary to call witnesses, such as police officers who investigated the accident, which occurred in a county within the Tyler Division. Therefore, convenience of the parties and the interests of justice dictate that this case should be transferred to the Tyler

Division of the Eastern District of Texas, where Plaintiff resides, where the accident occurred and where venue is mandatory under the Texas Insurance Code.

III.

CONCLUSION

Because the Plaintiff resides in the Tyler Division and Plaintiff has no connection with the Marshall Division, because the accident occurred in Smith County and because the Texas Insurance Code mandates that the appropriate venue is where the accident occurred or where the insured resided at the time of the accident, this case should be transferred to the Tyler Division pursuant to 28 U.S.C. § 1404(a) and Texas Insurance Code, Section 1952.110.

WHEREFORE, PREMISES CONSIDERED, Defendant Encompass Property and Casualty Company prays that this case be transferred to the Tyler Division of the Eastern District of Texas, and that these Defendant go henceforth without delay, with their costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

**STACY & CONDER, LLP**

  /s/David G. Allen
David G. Allen
State Bar No. 00786972
allen@stacyconder.com
Joel A. Richmond
State Bar No. 24065974
richmond@stacyconder.com

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000 (Telephone)
(214) 748-1421 (FAX)

**ATTORNEYS FOR DEFENDANT
ENCOMPASS PROPERTY AND CASUALTY
COMPANY**

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served this 18TH day of August, 2017, upon all counsel of record.

  /s/David G. Allen
David G. Allen

DGA/PLDG/590841.1/002783.17028